Our next case for argument this morning is Butler v. Holstein Association. Mr. Rapani. May it please the court. Good morning. My name is Michael Rapani, and I represent Plaintiff Appellant Jeff Butler. Briefly before I get into the factual issues that are in the appeal, I'd like to just touch on, just to give some context to the facts of this case. When you drive along and you may see a cow that's very distinctively colored with white and black, that's a Holstein cattle. Holstein cow is the gold standard in the dairy industry. The association is responsible for maintaining the integrity, the registry, and the standards of each Holstein cattle. Now, Jeff Butler and his family have been members of the Holstein Association and have dealt with and operated in this Holstein industry for over 75 years. Jeff was an innovator in genomic technology for... I don't think any of this is relevant to the issues on appeal. Let me start you by asking why Illinois law has anything to do with this subject. The Holstein Association is a New York corporation. It's a membership association. And under the internal affairs doctrine, the membership of a corporation of state acts is governed by the law of that state. In this case, New York. The association is in New York. Its membership is in New York. The hearing, as it happens, was in Vermont. What does Illinois law have to do with this? That's where Jeff lives. That's where he operates. That's where the... That's fine, but I referred to the internal affairs doctrine. Suppose you are a shareholder in corporation acts and the corporation kicks you out. Whose law applies? The law of the state of incorporation or the law of the state where the shareholder lives. It's the law of the state of incorporation. That is black letter law. And I can't see why this is any different. You're dealing with a New York membership corporation. Again, Your Honor, all the business was transacted in Illinois. All the contracts were transacted in Illinois. You could say the very same thing about stock ownership in a New York corporation. But as I say, it's black letter law. It's called the internal affairs doctrine. That the only applicable law is the law of the state of incorporation. Now, as it turns out, your opponent seems to make absolutely nothing of this. And perhaps it's not before us. But I don't understand what Illinois law has to do with this other than that's where the plaintiff lives. And under the internal affairs doctrine, that's irrelevant. I hope you see my problem. I understand, Your Honor. It's not just where the plaintiff lives, though. It's where all the contracts took place, where all the transactions took place. You're just deriving the internal affairs doctrine. Very well, Your Honor. There is an elaborate law of private associations, both in New York and in Illinois. And I notice that neither side pays any attention to that body of law. Why not? We believe that Illinois law applied No. There is an elaborate law of the law of private associations in Illinois as well as in New York about when associations can expel their members. Illinois has elaborate law on that. Neither side pays the slightest attention to Illinois law of membership associations. Why not? We're not aware of that, Your Honor. Not aware of it. Okay. All right. Please proceed. Okay. So, Your Honor, with respect to the ban, the Holstein's ban of Jeff Butler from this, he brought three counts against the Holstein Association. Two for torturous interference, one with contract, one with the prospective business relation, one for promissory estoppel. The first motion to dismiss, the district court denied the motion to dismiss against the promissory estoppel, granted the motion to dismiss against the two torturous interference counts, and so Jeff filed an amended complaint. We didn't change the promissory estoppel count because we relied on what the district court found that to be an okay count. So the second motion to dismiss, the court dismissed all three counts with prejudice, claiming that any amendment would be futile. Mr. Rapani, is Mr. Butler a party to the contracts or some of the contracts at issue here as opposed to his LLCs? Jeff Butler signs all the contracts, but it is under his LLCs. So, are any of these contracts at issue or is any of the business at issue with him personally as opposed to his LLCs? So, Judge, I believe... Because the way it's pled, it's a little unclear. So, I believe that Jeff also transacts business by himself with other Holstein members. We have not alleged that, though, Your Honor. I'll be honest with you. We have not alleged that. But he transacts... Then how, if he's not a party to any of the contracts, or you haven't alleged that he is, and you haven't alleged that he has personally engaged in any of the business you're alleging tortious interference with, how is he the real party to bring this lawsuit rather than the LLCs? Because he was actually personally harmed. But that goes to the standing question, not necessarily the real party in interest. He may have a harm, but in order to bring these causes of action, he has to be the real party involved with it. So, if you're bringing tortious interference, you are bringing tortious interference with contract, and he's not the party to the contract, why is he the person who could bring the claim? Again, we did not allege this. I do believe there are some contracts where he is the person who signed... I'm just going off the pleadings. I understand, Your Honor. And we have to go with what you've alleged. I understand, Your Honor. How can he bring a breach of tortious interference with contract claim if he wasn't a party to the contract, only his LLCs were? Because he was transacting business as part of, with the LLCs. In regard to, just to kind of summarize what happened in the district court, so Jeff was given one opportunity to amend the tortious interference counts and no opportunity to amend the promissory stop accounts. We believe that's an abuse of discretion to not allow additional counts, which we also did raise in our brief, in the underlying action, that in the event that the court, the district court felt that Jeff was not the proper party, we would have amended and added all those parties as plaintiffs in the case as well. Is Mr. Butler the party to the association agreement, or are his LLCs the party? Mr. Butler is. So the two issues are, would the amendment be futile, and did Jeff allege sufficient facts in the first instance? What is a futile amendment? Amendment is futile if a party cannot assert a viable theory of liability. So we say that Jeff can assert a viable theory of liability. Let's take a look at the promissory stop account. The district court denied this original motion, the motion to the original account. The defendant thought of a new argument, which was a contract argument. The district court accepted that argument, that there was a viable contract, and because of that they couldn't. But is that an amendment to the, because it sounds like what I'm hearing is that you were wanting to vacate, no longer pursue promissory stop. That's correct. That you were now wanting to request breach of contract. Add a new count. That's correct. And so since the court and the defendant felt that there was an existence of a contract, we believe that Jeff should have been allowed to sue and add a breach of contract count. We again believe that's an abuse of discretion that the district court, again, that acknowledged the contract, didn't allow Jeff to add that count. So there's several sub-issues. I'd like to get to the interference counts. There's several issues. Who's the third party? Were there insufficient allegations of a contract? Did the association induce the third parties? And then there's also an issue of publication in the journal, which is, I'll save that for last. It's really not as significant. So first, who are the third parties? Jeff, in the allegations of the complaint 38 and 48, Jeff mentions other Holstein members. So those other Holstein members are unrelated to Jeff. The district court did not focus on that. The district court focused on the fact that Jeff alleged wholly owned entities and other entities in which he had an ownership interest. So the wholly owned entities. Is your argument that the allegations in the complaint do allege actions directed at a third party, or is your argument that you don't need to allege actions directed at a third party in order to state a claim for tortious interference with business relations? Well, we have alleged third parties. Our argument is that we have alleged third parties. You're not disputing that you have to? Well, there is. For the tortious interference with prospective business, you're not disputing that you have to allege actions directed at a third party. Right. That's correct. So the Holstein members are third parties. Jeff's wholly owned entities, they're separate and distinct from himself. Those are third parties. And just entities in which he has a partial interest, the partners in those entities are also third parties. We believe that the third party element was met in the amended complaint. In regard to the tortious interference with contract, we identified the milk source contract. The district court felt that we didn't identify the specific contractual provision, but then didn't allow us to amend to show what the specific contractual provision is. The tortious interference with contract is a viable cause of action. Inducement. This is an industry where the association knows all sides of the contracts. They know all the business that is being taken place by the parties. Can I stop you just for a moment? What is your position on the finding that for tortious interference with a contract in Illinois, is it your contention that you must be directed toward a third party for tortious interference with a contract as well in Illinois? Yes, it is. And we believe that our contention is that if the association, again, I'll back up for a second, the association knows everything. This isn't the case where perhaps Apple sues Microsoft for tortious interference with a contract. Neither one of those parties know all the contracts, know each other's business. Here, Holstein knows all the business. When Holstein directed Jeff to be banned from the organization, they knew, they made it impossible for him to procure those contracts, to do any business anymore. And that, we believe, was alleged in the initial complaint. Finally, the publication actually is not determinative. The publication against Jeff happened in June. The operative dates here were February 17th, when Jeff was denied all privileges in the association, and then May of 17, when Jeff was forced to sell his interest in all the capital. So we ask that you, we respectfully ask that you reverse the district court, and I'll reserve the rest of my time for rebuttal. Thank you. Certainly, counsel. Ms. Isaac. May it please the court, my name is Carolyn Isaac. I represent the Apelli Holstein Association. Holstein is a voluntary membership association that protects the Holstein breed of cattle. Let me begin with the same question that I asked your adversary. Why isn't this case governed by the law of private associations? Yes, Your Honor. The way that we analyzed this case was not focusing on the expulsion as the cause of action. We don't read the complaint. This is all about the expulsion. It's about nothing except the expulsion. Respectfully, the expulsion was not directed towards third parties, and therefore it cannot be part of the torsus interference claim. I'm asking a question about what body of law governs this kind of dispute. Is it the law of private associations, or is it the law of something else? The way that we interpreted this case, Your Honor, was based on the tort law. Look, I wish you would address my question. I apologize. I don't ask a question about what law the complaint tried to invoke. I'm asking a question about what body of law governs disputes like this. Ignore the complaint. Ignore the parties' arguments. I'm trying to figure out where a court looks to find the governing legal rules. Now, where is that? I would understand, Your Honor, to correct that they should be looking at the law of the association, and neither party nor the court did that. We apologize for that oversight, Your Honor. All right. Please proceed. Holstein primarily protects this breed of cattle by maintaining a Do you think, by the way, that this is the kind of question a court should decide on its own, even if the parties have ignored the correct body of law? I think the district court could have decided that on its own. I also think that Holstein, in its first motion to dismiss, proposed And is there some decision you rely on for that proposition? No, Your Honor. Yeah, all right. Please proceed. This might be governed by Kamen against Kemper Financial Services, but the Supreme Court said it's optional with the Court of Appeals. Go ahead. Thank you, Your Honor. So Holstein maintains this genealogy registry that provides access to accurate pedigree information to those in the industry. And as Mr. Butler has alleged, in 2016, Holstein issued a five-year suspension to Mr. Butler for changing the birth dates of cattle in the registry to make them appear larger for their age. Nearly five years later, Mr. Butler files a complaint alleging that Holstein interfered with its business relationships and denied it membership privileges that he relied upon. The district court dismissed his first complaint in a 33-page opinion. He only dismissed the two tortious interventions counts. Now, it really doesn't matter how long the opinions are. Yes, Your Honor. We really need to discuss law. Yes, Your Honor. There are many deficiencies in the amended complaints. There are many bases for this court to affirm the district court decision. I would like to focus on the few that make it clear why dismissal with prejudice was most appropriate here. For the tortious interference claim, that hook is this inducement, third-party conduct directed towards a third party that induces the third party to breach the contract or terminate a relationship. Can we just come full circle before we go down that path? There is an Illinois case, Werner, from 1956 that talks about when a member of an association is expelled. The only way that the court is given the opportunity to intervene if there is some suggestion that the accused member in the association didn't follow its own bylaws or rules in the expulsion. And so, just for clarification, I understand that the parties did not address this, though, but is there anything in the record that would suggest or that was argued below that the association did not follow its rules and bylaws? No, and I believe that Holstein pointed out in its briefing that there were no allegations that Holstein failed to follow its rules to provide hearings to its members. Mr. Butler did plead that he took issue with how the hearing was run, but did not otherwise plead that Holstein failed to follow its own constitution and bylaws in carrying out its investigation or its hearing. You were talking about the tortious interference elements and what's required. Can we talk through the finding that there must be action directed toward a third party and who those third parties would be? Yes, Your Honor. Illinois law, I believe, is clear that there must be conduct directed towards a third party. In this complaint, all of Holstein's conduct at issue was directed towards Mr. Butler. That was the investigation, the hearing, his suspension, all directed towards Mr. Butler. The only alleged conduct that Holstein directed conceivably towards a third party was the publication in its industry magazine of Mr. Butler's suspension. And as we noted in our briefing, that publication only included the fact of Mr. Butler's suspension, nothing else, not the basis board or anything like that. Mr. Butler pleads that he was issued this five-year suspension and pleads that that is what was the content of this industry publication. And under Illinois law, publication of truthful information cannot be the basis for a tortious interference action because it's not tortious. Tortious interference requires some wrongful conduct and the provision of truthful information isn't. Is it problematic from your standpoint that he's bringing this lawsuit in his individual capacity, but the business arrangements that were allegedly interfered with and the contracts that were allegedly interfered with, he was not a party to those? It does bother Holstein, Your Honor, and that is why we— From a legal matter, is it problematic? I do think it's problematic. I think that the Forza case that was cited in Mr. Butler's reply brief really describes this scenario well. In that case, the plaintiff owned an LLC. Somebody made a disparaging comment about her as an individual publicly. The court found that she was not the real party in interest, however, because the lost business was felt by her company and not by her. And here, too, there's a conflation between Mr. Butler's suspension, which was personal to him, and harm felt as a result of a tortious interference claim, which is lost business as a result of a broken contract or failing to realize income from that contract. And that was owned by the LLCs and only felt by him by virtue of his status as a shareholder. Holstein's position is also that it's too late to fix that particular error. The LLCs are dissolved, and under the Illinois Limited Liability Company Act, a person may prosecute claims in the names of a dissolved LLC only for a reasonable time and only for the purpose of winding up business. And since these claims do not involve the distribution of those LLCs' assets, we don't believe it amounts to a winding up, and under Illinois case law, more than a reasonable time has passed. As a result, we don't believe that it is possible for Mr. Butler at this point to amend his complaint to add those LLCs as plaintiffs to cure the issue. If there are no more questions on tortious interference, I can move on to promissory estoppel. With respect to the promissory estoppel claim, Mr. Butler's pleading quotes the membership agreement between Holstein and Mr. Butler. You don't dispute that there's a valid and enforceable contract between Holstein and Mr. Butler, correct? That's correct, Your Honor. We do not dispute that. There will not be in this case any contention that the contract is unenforceable or invalid, and therefore it's Holstein's position that promissory estoppel is not available in this case in the alternative or otherwise. Mr. Butler argues that it was error for the court to dismiss the promissory estoppel claim with prejudice because he should have been given leave to file a breach of contract claim. However, filing a breach of contract claim will not change the fact that his promissory estoppel claim is not viable. As a result, it doesn't provide a basis for overturning the district court's decision to deny leave to amend that particular claim. And additionally, Mr. Butler never asked the district court for permission to do this. And though I know that Mr. Butler argued in his briefing that he never had the opportunity to do that and couldn't predict the district court's mind, those arguments were all in Holstein's motion to dismiss. I believe that when one is reading the motion to dismiss, one can anticipate the potential grounds and thus construct what potential amendments might be. And this court has held that where proposed amendments are not provided, the district court is not obligated to be a mind reader, is not obligated to try to figure out what facts or new claims a plaintiff will plead, and also is entitled to assume that if proposed amendments are not shared, they will suffer from the same fatal flaws as the original allegation suffered from. So for those reasons, the district court was well within its discretion to deny leave to amend each of these claims. If there are no more questions, we would respectfully ask that this court affirm the decision of the district court. Thank you very much, counsel. Anything further? I'll be very brief. In regard to Judge Pryor's question about did we raise any of the issues in the promissory stop, or in the violation of the contract, in the promissory stop account, we did raise the fact that Jeff was not treated with fairness, fair dealing, or integrity, which is set forth in the Constitution and bylaws, the very contract upon which the defendants and the district court said existed. So that was raised. Secondly, in regard to Jeff's harm and why he should be the plaintiff, we mentioned in our reply brief the Forza case. I just want to mention also in that response, and this is in our reply brief, we did say if we needed to amend to substitute the plaintiffs, it changes none of the facts, to substitute the plaintiffs, we should have been allowed to do that. Why didn't you sue on behalf of the LLCs? Because this was personal to Jeff. The Holstein Association directed all the reaction to Jeff. They brought him in for the hearing. He's the one who makes it possible for him to operate within the Holstein industry. That's why Jeff was the plaintiff in this case. That is everything that I have, Your Honor. Thank you very much for your time. Thank you, Counsel. Case is taken under advisement.